Roland Tong (State Bar No. 216836)
  rjt@manningllp.com
Natalya Vasyuk (State Bar No. 307419)
  ndv@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
19800 MacArthur Blvd, Suite 900
Irvine, California 92612
Telephone: (949) 440-6690
Facsimile: (949) 474-6991

Attorneys for Plaintiff/ Counterdefendant
RICHARD RENTROP, d/b/a TVD Vinyl Decals

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Richard Rentrop, d/b/a TVD Vinyl Decals,<br><br>Plaintiff,<br><br>v.<br><br>Toyota Motor Sales, USA, Inc. and Toyota Motor Corporation,<br><br>Defendants. | Case No. 8:19-cv-01796-JLS-DFM<br><br>**NOTICE OF MOTION AND MOTION OF PLAINTIFF/ COUNTERDEFENDANT RICHARD RENTROP FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; STATEMENT OF UNCONTROVERTED FACTS**<br><br>*Filed concurrently with (1) Plaintiff's Separate Statement of Uncontroverted Facts; (2) Declaration of Richard Rentrop; (3) Declaration of Roland Tong, Esq.*<br><br>Judge:  Hon. Josephine Staton<br><br>Date: January 8, 2021<br>Time: 10:30am<br>Courtroom: 10A |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 8, 2021, at 10:30am, or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Josephine Staton, located in the United States Courthouse, 411 West Fourth Street, Santa Ana, CA 92701-4516, Plaintiff/Counterdefendant Richard Rentrop ("Plaintiff" or "Rentrop" or "Plaintiff Rentrop") will and hereby does move this Court for Partial Summary Judgment.

This Motion is made upon the following grounds:

Rentrop's use of the Defendants' registered trademarks constitutes nominative fair use and thus Rentrop does not infringe Defendants' registered trademarks. This motion is made following the in person conference of counsel under L.R. 7-3, which took place on July 15, 2020.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declarations of Richard Rentrop and Roland Tong, the Separate Statements of Uncontroverted Facts filed concurrently herewith, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED: August 5, 2020       **MANNING & KASS**
                            **ELLROD, RAMIREZ, TRESTER LLP**


By: _/s/ Roland Tong_
    Roland Tong
    Natalya Vasyuk
    Attorneys for Plaintiff/ Counterdefendant

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff/Counterdefendant Richard Rentrop ("Plaintiff" or "Plaintiff Rentrop" or "Rentrop") submits the following Memorandum of Points and Authorities in support of his Motion for Partial Summary Judgment against Defendants Toyota Motor Sales, USA, Inc. and Toyota Motor Corporation ("Toyota" or "Defendants") as to his affirmative defense of trademark non-infringement, more specifically Nominative Fair Use.  To prove nominative fair use, Plaintiff must satisfy three requirements: (1) the plaintiff's product or service in question must be one not readily identifiable without use of the trademark; (2) only so much of the mark or marks may be used as is reasonably necessary to identify the plaintiff's product or service; and (3) the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder.  This Court can see primarily from Plaintiff's website and advertising, all of which are publicly available and are provided in the Separate Statement of Uncontroverted Facts, that Plaintiff meets these three requirements.  No additional discovery is needed and the Defendants would not be able to show genuine issue of material fact in Plaintiff's nominative fair use defense.  Nonetheless, the fact discovery cut-off date of December 4, 2020 (Dkt. 20 Scheduling Order) would have passed by the time Defendants' Opposition to this Motion is due.

Upon reading this Memorandum, this Court will see that Plaintiff only used Defendants' marks to identify his products.  The purchasers of Plaintiff's vinyl decals that consist of jumbled letters would not know where to apply them unless Plaintiff uses Defendants' marks to identify the Toyota brand vehicles where the decals can be applied.  The Court will see that Plaintiff used only so much of Defendants' marks as is reasonably necessary to identify his products.  That is, Plaintiff had to use jumbled letters in packaging his vinyl decals and only showed the Toyota brand vehicles in his advertising to identify his products.  Moreover, Plaintiff used disclaimers at the top and at the bottom of each of his webpage to avoid suggesting sponsorship or endorsement

by the Defendants.

All the papers submitted show there are no triable issues as to any material facts as to the issue of nominative fair use and the Plaintiff is entitled to judgment as a matter of law. Accordingly, Plaintiff requests that the Court grant his Motion for Partial Summary Judgment.

## II.  STATEMENT OF FACTS

Plaintiff Rentrop sells vinyl stickers for use with Toyota brand vehicles. (Plaintiff's Separate Statement of Uncontroverted Fact ("UF") No.1). The vinyl stickers are designed to be overlaid on the badges, emblems, and tailgate letters or inserts of these Toyota brand vehicles to allow the vehicle owners to customize them. UF No. 2 When customers purchase and receive the vinyl stickers, they comprise of various jumbled letters that do not spell any of the Defendants' registered trademarks. UF No. 3. Exhibit K to the Original Complaint (Dkt. 1-11) contains a table showing side-by-side comparison of Plaintiff's products as packaged and Defendants' registered trademarks. Said table is reproduced herein as follows. See (Declaration of Roland Tong ("Tong Decl.") ¶2).





Plaintiff Rentrop advertises his vinyl decals on his website www.tvdvinyldecals.com, various social media platforms, such as Facebook, Instagram, and Etsy, and Shopify. UF No. 5. These advertisements show the Toyota brand vehicles and their respective badges, emblems, or tailgate letters that have been covered with Plaintiff's stickers. UF No. 6. Examples of the format of Plaintiff's advertisements as it relates to the disclaimers used with each advertisement are demonstrated below and are also attached as Exhibits 2 and 3. UF No. 7



Case No. 8:19-cv-01796-JLS-DFM

NOTICE OF MOTION AND MOTION OF PLAINTIFF/COUNTERDEFENDANT RICHARD RENTROP FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; SEPARATE STATEMENT OF UNCONTROVERTED FACTS

The top of each Etsy webpage that displays Defendants' trademarks contains a disclaimer that says: "TVD Vinyl Decals makes and sells individual letter decals that can be applied to many locations on your vehicle, including embossed tailgates and emblems. TVD Vinyl Decals is not endorsed by or affiliated with any of the manufacturers mentioned on this site. All names are used for informational purposes only. TVD Vinyl Decals only provides individual decals that can cover the typeface of the product names owned by their respective owners. If you have any questions or concerns about what we sell please contact us." UF No. 8. The bottom of each Etsy webpage and tvdvinyldecals.com webpage with Plaintiff's ad that displays Defendants' trademarks includes the following statement: "© 2020 TVD Vinyl Decals. Toyota, Tacoma, Tundra, 4Runner, Sequoia, RAV4, and FJ Cruiser are registered trademarks of Toyota Motor Corporation. TVD Vinyl Decals is not affiliated with or endorsed by Toyota Motor Corporation or any of Toyota's affiliated companies. The terms Toyota, Tacoma, Tundra, 4Runner, Sequoia, RAV4, and FJ Cruiser are used for identification purposes only." UF No. 9. There is a disclaimer at the top of each tvdvinyldecals.com webpage for each Toyota vehicle saying: "Products are not affiliated with or endorsed by Toyota Motor Corporation." UF No. 10.

On or about July 25, 2019, Toyota's Canadian Counsel filed a complaint with Facebook accusing Plaintiff Rentrop's vinyl decals of trademark infringement. *See* Tong Decl., ¶ 4. Facebook removed Plaintiff's advertisement resulting in a significant loss of sales and prompting Rentrop to seek declaratory judgment of non-infringement from this Court. *Id.*

### III.   ARGUMENTS
### A.   Applicable Law
#### 1.   Summary Judgment Standard

A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Proc. 56(c). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See *Celotex Corp. v. Catrett*, ("*Celotex Corp.*") 477 U.S. 317, 323, (1986). Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." See *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, (1986); Fed.R.Civ.Proc. 56(e). *E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 444 F. Supp. 2d 1012 at 1025-1026.

### 2. Discovery Prior to Summary Judgment Motion

Rule 56 contemplates a sufficient time for discovery before a summary judgment motion is considered. See *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1105-06 (9th Cir. 2000) ("The nonmoving party, of course, must have had sufficient time and opportunity for discovery before a moving party will be permitted to carry its initial burden of production by showing that the nonmoving party has insufficient evidence," citing *Celotex Corp.*, 477 U.S. at 326. The party opposing summary judgment bears the burden of showing "what facts she hopes to discover to raise a material issue of fact." See *Hancock v. Montgomery Ward Long Term Disability Trust,* 787 F.2d 1302, 1306 n.1 (9th Cir. 1986). The party seeking additional discovery also bears the burden of showing that the evidence sought exists. See *Geller v. Dooney & Bourke, Inc.* (N.D.Cal. Apr. 10, 1992, No. C 91-3970 SC) 1992 U.S.Dist.LEXIS 5972, at *6-7.) (*Ahl-E-Bait Media, Inc. v. Jadoo TV, Inc.* (C.D.Cal. Apr. 16, 2013, No. CV 12-05307 MMM (PJWx)) 2013 U.S.Dist.LEXIS 190636, at *7-13.).

### 3. Nominative Fair Use

The nominative fair use defense applies where the defendant has "'used the plaintiff's mark to describe the plaintiff's product, even if the defendant's ultimate goal is to describe his own product.'" See *Mattel Inc. v Walking Mountain*, ("*Walking Mountain*") 353 F.3d at 809 (quoting *Cairns v Franklin Mint Co.*, 292 F.3d at 1151 (emphasis original)). In other words, "'[t]he goal of a nominative use is generally for the 'purposes of comparison, criticism [or] point of reference.'" *Id* at 809 (quoting *New Kids on the Block v. News Am. Publ'g Inc.*, ("*New Kids on the Block*") 971 F.2d 302, 306 (9th Cir. 1992).

To prove nominative fair use, a defendant must satisfy three requirements: (1) "the plaintiff's product or service in question must be one not readily identifiable without use of the trademark"; (2) "only so much of the mark or marks may be used as is reasonably necessary to identify the plaintiff's product or service"; and (3) "the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder." See *Walking Mountain*, 353 F.3d at 809 (citing *Cairns*, 292 F.3d at 1151 and *New Kids on the Block*, 971 F.2d at 308 (internal citation omitted)).

The nominative fair use test replaces the likelihood of customer confusion analysis set forth in *AMF, Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348-49 (9th Cir.1979). See *Walking Mountain*, 353 F.3d at 810 n. 19; *Cairns*, 292 F.3d at 1151 (same). See also *Playboy Enterprises, Inc. v. Welles*, ("*Playboy Enterprises*") 279 F.3d 796, 801 (9th Cir. 2002) As the Ninth Circuit explained in *Brother Records, Inc. v Jardine* ("*Brother Records*")*, however, "the third requirement of the nominative fair use defense - the lack of anything that suggests sponsorship or endorsement - is merely the other side of the likelihood-of-confusion coin." See *Brother Records*, 318 F.3d at 909 n. 5. The Ninth Circuit further stated that Courts must employ *New Kids'* three-part inquiry in nominative use cases because "[w]hen a defendant uses a trademark nominally, the trademark will be identical to the plaintiff's mark, at least in terms of the words in question." See *Playboy Enterprises*, 279 F.3d at 801. Consequently

"application of the Sleekcraft test, which focuses on the similarity of the mark used by the plaintiff and the defendant, would lead to the incorrect conclusion that virtually all nominative uses are confusing." *Id. E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.*, 444 F. Supp. 2d 1012 at 1029-1032.

**B.     Plaintiff/Counterdefendant's Use Constitutes Nominative Fair Use**

   **1.     Plaintiff's Vinyl Stickers Made of Jumbled Letters Are Not Readily Identifiable Without Using Defendants' Trademarks**

Where use of the trade dress or mark is grounded in the defendant's desire to refer to the plaintiff's product as a point of reference for defendant's own work, a use is nominative" (citation omitted and emphasis added)). See also *Wham-O, Inc. v Paramount Pictures Corp.,* 286 F.Supp.2d at 1263 (finding that defendants' use of the yellow "Slip 'N Slide" in a film qualified as a nominative use because "[n]ominative use is the use of a mark to identify or to refer to the mark-holder's product. . . . [D]efendants use plaintiff's mark to identify a product not otherwise readily identifiable. Other verbal formulas (e.g., 'water slide' or 'lubricated plastic sheet') do not capture or identify the toy with adequate specificity, and trademark law does not compel individuals to 'use absurd turns of phrase' simply to avoid trademark liability. In the film, defendants intend to identify the slide as a specific product; to do so requires the use of the product's name" (citations and footnote omitted; emphasis added); *Mattel, Inc. v. MCA Records, Inc.,* 28 F.Supp.2d at 1141 (stating that the Barbie Girl song "refers to the doll and the values it has come to represent," and "[b]y describing the doll's 'life in plastic' and the various ways young consumers play with the doll ('you can brush my hair, undress me everywhere'), the band Aqua is not speaking specifically about its own product, but rather is commenting on and parodying Mattel's" (emphasis added)).

In *New Kids on the Block*, two national newspapers used photographs of members of the musical group *New Kids on the Block*, along with the group's name, to advertise reader polls regarding the group's popularity. *Id.* 971 F.2d 302 at 304. The

Ninth Circuit held that defendants' use of the mark was nominative in nature, since the newspapers had used the New Kids trademark to refer to the New Kids themselves, albeit to advertise the newspapers' survey. *Id*. 971 F.2d 302 at 308. The court employed a three-pronged test to determine whether defendants were entitled to assert a nominative fair use defense. The court determined that it was impossible to conduct a survey about the New Kids, or even to talk about the group, without using its trademarked name. See *Id*. 971 F.2d 302 at 308.

Similarly, Plaintiff uses Defendants' marks solely as a point of reference to describe his own products. As shown in the Exhibit K to the Complaint and reproduced above, when customers purchase and receive the vinyl stickers, they comprise of various jumbled letters that do not spell any of the Defendants' registered trademarks. Since the vinyl stickers are comprised of jumbled letters, their uses are not readily identifiable and their users would not readily know where to use them. Plaintiff needs to use Defendants' marks as a point of reference i.e. to describe which of the Toyota brand vehicles the vinyl decals may be applied to. Plaintiff uses Defendants' marks to describe whether the vinyl decal can be used for Defendants' vehicles with the 4RUNNER, FJ CRUISER, LAND CRUISER, SEQUOIA, TUNDRA, RAV4, TRD or TOYOTA emblems, badges, or tailgate letters. There is no other way for Plaintiff to advertise his products in a way that would inform the public where they can apply the decals without referring to Defendants' vehicles or trademarks..

**2.    Plaintiff Used Only So Much of the Marks**

In *New Kids on the Block*, the court concluded that the newspapers had referenced the New Kids "only to the extent necessary to identify them as the subject of the polls; they [did] not ***use*** the New Kids' distinctive logo or anything else that [was not] needed to make the announcements intelligible to readers." *Id.* at 308.

Just like in *New Kids on the Block*, Plaintiff did not use Defendants' marks or anything else that was not needed to describe the use of his vinyl decals. Plaintiff sold

the vinyl stickers with jumbled letters that do not spell any of the Defendants' registered trademarks. Plaintiff further advertises the vinyl stickers on his website and various social media platforms showing only a portion of the vehicle manufactured by the Defendants and their respective emblems, badges, or tailgate letters that have been covered with Plaintiff's stickers. The images in Exhibit 1 do not even show the entire picture of the vehicle or the entire trademark of the Defendants. (Tong Decl.¶ 2).

### 3. Plaintiff Did Nothing to Suggest Sponsorship or Endorsement

In *New Kids on the Block*, the court held that nothing in the survey suggested sponsorship or endorsement by the New Kids. *New Kids, 971 F.2d 302 at 308*. Indeed, at least one of the newspaper announcements "implie[d] quite the contrary by asking whether the New Kids might be 'a turn off.'" *Id. 971 F.2d 302 at 308-09*. Here, Plaintiff included a disclaimer at the top of each webpage in his advertisements on Etsy regarding the lack of any endorsement or sponsorship from the Defendants stating the following: "TVD Vinyl Decals makes and sells individual letter decals that can be applied to many locations on your vehicle, including embossed tailgates and emblems. TVD Vinyl Decals is not endorsed by or affiliated with any of the manufacturers mentioned on this site. All names are used for informational purposes only. TVD Vinyl Decals only provides individual decals that can cover the typeface of the product names owned by their respective owners. If you have any questions or concerns about what we sell please contact us." (Rentrop Decl., ¶15). The bottom of each webpage in Plaintiff's advertisement on Etsy and www.tvdvinyldecals.com that has Defendants' trademarks contains an additional disclaimer stating: "© 2020 TVD Vinyl Decals. Toyota, Tacoma, Tundra, 4Runner, Sequoia, RAV4, and FJ Cruiser are registered trademarks of Toyota Motor Corporation. TVD Vinyl Decals is not affiliated with or endorsed by Toyota Motor Corporation or any of Toyota's affiliated companies. The terms Toyota, Tacoma, Tundra, 4Runner, Sequoia, RAV4, and FJ Cruiser are used for identification purposes only." (Rentrop Decl.,¶ 16). At the top of each of Plaintiff's tvdvinyldecals.com webpages for each Toyota vehicle there is a disclaimer saying:

4854-7897-1075.4      9      Case No. 8:19-cv-01796-JLS-DFM

**NOTICE OF MOTION AND MOTION OF PLAINTIFF/COUNTERDEFENDANT RICHARD RENTROP FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; SEPARATE STATEMENT OF UNCONTROVERTED FACTS**

"Products are not affiliated with or endorsed by Toyota Motor Corporation." (Rentrop Decl., ¶ 17). Therefore, it is clear that Plaintiff did nothing to suggest that Defendants sponsor or endorse Plaintiff's products.

## C. There is No Genuine Issue of Material Fact and No Additional Discovery Would Present a Genuine Issue of Material Fact

As the Separate Statement of Uncontroverted Facts show, Plaintiff has provided facts that satisfy all the elements of the nominative fair use defense and there is no genuine issue as to any material fact. Plaintiff is entitled to a judgment as a matter of law that his use of the Defendants' trademarks constitutes nominative fair use and thus there is no infringement. No reasonable trier of fact could find other than for the Plaintiff.

The parties have been engaged in discovery for about six months now since February 2020. (Tong Decl., ¶ 5) Defendants have propounded interrogatories and requests for production of documents to the Plaintiff. (Tong Decl., ¶ 6) Plaintiff has fully answered them. (Tong Decl., ¶ 7). Since March 2020, Defendant has not cited any deficiencies to Plaintiff's responses. (Tong Decl., ¶ 8) The Separate Statement of Uncontroverted Facts show: (1) that the Plaintiff's products are not readily identifiable without the use of Defendant's trademark as a point of reference, (2) that the Plaintiff has used only so much of the mark as is reasonably necessary to identify his products, and (3) Plaintiff has done nothing that would suggest sponsorship or endorsement by the Defendants. These facts are apparent from Plaintiff's website that is publicly available. No additional discovery would raise a material issue of fact. Nonetheless, the fact discovery cut-off date of December 4, 2020 (Dkt. 20 Scheduling Order) would have passed by the time Defendants' Opposition to this Motion is due. Defendants would not be able to claim that they need time for discovery before this summary judgment motion is considered.

## IV. CONCLUSION

Plaintiff/Counterdefendant Rentrop has produced admissible evidence on each

element of its affirmative defense of nominative fair use entitling him to partial summary judgment. All the papers submitted show there are no triable issues as to any material facts as to the issue of nominative fair use, and the Plaintiff Rentrop is entitled to judgment as a matter of law. For the foregoing reasons, Plaintiff Rentrop respectfully requests that the Court grant his Motion for Partial Summary Judgment.

DATED:  August 5, 2020     **MANNING & KASS**
                                             **ELLROD, RAMIREZ, TRESTER LLP**

By:     /s/ Roland Tong
        Roland Tong
        Natalya Vasyuk
        Attorneys for Plaintiff/ Counterdefendant
        RICHARD RENTROP

Roland Tong (State Bar No. 216836)
  rjt@manningllp.com
Natalya Vasyuk (State Bar No. 307419)
  ndv@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
19800 MacArthur Blvd, Suite 900
Irvine, California 92612
Telephone: (949) 440-6690
Facsimile: (949) 474-6991

Attorneys for Plaintiff/ Counterdefendant
RICHARD RENTROP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| Richard Rentrop, d/b/a TVD Vinyl Decals,<br><br>Plaintiff,<br><br>v.<br><br>Toyota Motor Sales, USA, Inc. and Toyota Motor Corporation,<br><br>Defendant. | Case No. 8:19-cv-01796-JLS-DFM<br><br>**PLAINTIFF/ COUNTERDEFENDANT RICHARD RENTROP'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge: Hon. Josephine Staton |

PLAINTIFF'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS (L.R. 56-1)

| Moving Party's Uncontroverted Fact | Supporting evidence citations |
|---|---|
| Moving party's first uncontroverted fact Plaintiff Rentrop sells vinyl decals for use with Toyota brand vehicles. | Rentrop Decl. ¶3 |
| Moving party's second uncontroverted fact | Rentrop Decl.¶4 |

4811-2352-9924.3

1

Case No. 8:19-cv-01796-JLS-DFM

**PLAINTIFF/ COUNTERDEFENDANT RICHARD RENTROP'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | | |
|---|---|---|
| | The vinyl decals are designed to be overlaid on the badges, emblems, and tailgate letters or inserts of these Toyota brand vehicles to allow the vehicle owners to customize them. | |
| | <u>Moving party's third uncontroverted fact</u><br>When customers purchase and receive the vinyl decals, they comprise of various jumbled letters that do not spell any of the Defendants' registered trademarks. | Rentrop Decl.¶5<br>Tong Decl. ¶ 2, Exhibit 1<br>Dkt. 1-11 |
| | <u>Moving party's fourth uncontroverted fact</u><br>Exhibit K to the Original Complaint (Dkt. 1-11) contains a table showing side-by-side comparison of Rentrop's products in their packaging and Defendants' registered trademarks. | Rentrop Decl.¶6<br>Tong Decl. ¶ 2, Exhibit 1<br>Dkt. 1-11 |
| | <u>Moving party's fifth uncontroverted fact</u><br>Plaintiff Rentrop advertises his vinyl decals on his website www.tvdvinyldecals.com, various social media platforms, such as Facebook, Instagram, and Etsy, and Shopify. | Rentrop Decl.¶7 |

4811-2352-9924.3

2

Case No. 8:19-cv-01796-JLS-DFM

**PLAINTIFF/ COUNTERDEFENDANT RICHARD RENTROP'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | | |
|---|---|---|
| Moving party's sixth first uncontroverted fact | Rentrop Decl.¶7 | |
| These advertisements would show the Toyota brand vehicles and their respective badges, emblems, or tailgate letters that have been covered with Plaintiff' decals. | Tong Decl., ¶ 3, 4 , and 5, Ex. 2, 3, 4, and 5 | |
| Moving party's seventh uncontroverted fact | Rentrop Decl.¶14 | |
| Exhibits 2 and 3 demonstrate the format of Plaintiff's advertisements as it relates to the content of the disclaimers used with each advertisement through his webpages and pages on Etsy. | Tong Decl. ¶ 3, Ex. 2 and 3 | |
| Moving party's eight uncontroverted fact | Rentrop Decl.¶15 | |
| The top of each Etsy webpage with Plaintiff's advertisement that displays Defendants' trademarks contains a disclaimer that states the following: "TVD Vinyl Decals makes and sells individual letter decals that can be applied to many locations on your vehicle, including embossed tailgates and emblems. TVD Vinyl Decals is not endorsed by or affiliated with any of the | Tong Decl. ¶ 3, Exhibit 3 | |

| | | |
|---|---|---|
| | manufacturers mentioned on this site. All names are used for informational purposes only. TVD Vinyl Decals only provides individual decals that can cover the typeface of the product names owned by their respective owners. If you have any questions or concerns about what we sell please contact us." | |
| | <u>Moving party's ninth uncontroverted fact</u><br>The bottom of each Etsy webpage and tvdvinyldecals.com webpage with Plaintiff's advertisement that displays Defendants' trademarks includes the following statement: "© 2020 TVD Vinyl Decals. Toyota, Tacoma, Tundra, 4Runner, Sequoia, RAV4, and FJ Cruiser are registered trademarks of Toyota Motor Corporation. TVD Vinyl Decals is not affiliated with or endorsed by Toyota Motor Corporation or any of Toyota's affiliated companies. The terms Toyota, Tacoma, Tundra, 4Runner, Sequoia, RAV4, and FJ Cruiser are used for identification purposes only." | Rentrop Decl. ¶16<br>Tong Decl. ¶ 3, Exhibit 2 and 3 |
| | <u>Moving party's tenth uncontroverted</u> | Rentrop Decl. ¶17 |

| fact | Tong Decl. ¶ 3, Exhibit 2 |
|---|---|
| There is a disclaimer at the top of each tvdvinyldecals.com webpage for each Toyota vehicle saying: "Products are not affiliated with or endorsed by Toyota Motor Corporation." | |

DATED: August 5, 2020          **MANNING & KASS**
                               **ELLROD, RAMIREZ, TRESTER LLP**

By:   /s/ Roland Tong
      Roland Tong
      Natalya Vasyuk
      Attorneys for Plaintiff/ Counterdefendant