Jeffrey M. Fisher (State Bar No. 155284)
jfisher@fbm.com
Sushila Chanana (State Bar No. 254100)
schanana@fbm.com
Julia F. Kropp (State Bar No. 298363)
jkropp@fbm.com
Nadia C. Arid (State Bar No. 312626)
narid@fbm.com
**Farella Braun + Martel LLP**
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendants and Counter-
Claimants Toyota Motor Sales, U.S.A.,
Inc. and Toyota Motor Corporation

Roland Tong (State Bar No. 216836)
rjt@manningllp.com
**Manning & Kass Ellrod, Ramirez, Trester LLP**
19800 MacArthur Blvd, Suite 900
Irvine, California 92612
Telephone: (949) 440-6690
Facsimile:  (949) 474-6991

Attorneys for Plaintiff and Counter-
Defendant Richard Rentrop, d/b/a TVD
Vinyl Decals

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| RICHARD RENTROP, d/b/a TVD VINYL DECALS,<br><br>        Plaintiff,<br><br>    vs.<br><br>TOYOTA MOTOR SALES, USA, INC. and TOYOTA MOTOR CORPORATION,<br><br>        Defendants. | Case No. 8:19-cv-01796 JLS-DFM<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>The Hon.  Josephine L. Staton |

AND RELATED COUNTERCLAIMS.

38001\13619237.1

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  This Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  As set forth in Section 13.4 below, this Protective Order does not entitle the Parties to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.1    <u>Good Cause Statement</u>.  This Action is likely to involve personally identifiable information, trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted.  Such confidential and proprietary materials and information consist of, among other things, personally identifiable information, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to

1    address their handling at the end of the litigation, and serve the ends of justice, a

2    protective order for such information is justified in this matter.  It is the intent of the

3    parties that information will not be designated as confidential for tactical reasons

4    and that nothing be so designated without a good faith belief that it has been

5    maintained in a confidential, non-public manner, and there is good cause why it

6    should not be part of the public record of this case.

7    2.    <u>DEFINITIONS</u>

8         2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the

9    designation of information or items under this Order.

10        2.2    "<u>CONFIDENTIAL</u>" Information or Items:  information (regardless of

11   how it is generated, stored or maintained) or tangible things that qualify for

12   protection under Federal Rule of Civil Procedure 26(c), and as specified above in

13   the Good Cause Statement Section 1.1.

14        2.3    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House

15   Counsel (as well as their support staff).

16        2.4    <u>Designated House Counsel</u>:  House Counsel who seek access to

17   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

18   CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information in this

19   matter.

20        2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or

21   items that it produces in disclosures or in responses to discovery as

22   "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23   ONLY."

24        2.6    <u>Disclosure or Discovery Material</u>:  all items or information, regardless

25   of the medium or manner in which it is generated, stored, or maintained (including,

26   among other things, testimony, transcripts, and tangible things), that are produced or

27   generated in disclosures or responses to discovery in this matter.

28        2.7    <u>Expert</u>:  a person with specialized knowledge or experience in a matter

pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  The designation of any document or information as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall only be made by an attorney reviewing the material, and shall constitute a certification by the attorney that he or she in good faith believes the material deserves this heightened level of protection.

2.9    House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors:  persons or entities that are under a duty of confidentiality and whose professional responsibilities are to provide litigation

1  support services (e.g., photocopying, videotaping, translating, preparing exhibits or

2  demonstrations, and organizing, storing, or retrieving data in any form or medium)

3  and their employees and subcontractors.

4      2.15   <u>Protected Material</u>:  any Disclosure or Discovery Material that is

5  designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

6  ATTORNEYS' EYES ONLY"

7      2.16   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery

8  Material from a Producing Party.

9  3.    <u>SCOPE</u>

10      The protections conferred by this Order cover not only Protected Material (as

11  defined above), but also (1) any information copied or extracted from Protected

12  Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

13  and (3) any testimony, conversations, or presentations by Parties or their Counsel

14  that might reveal Protected Material.  However, the protections conferred by this

15  Order do not cover the following information: (a) any information that is in the

16  public domain at the time of disclosure to a Receiving Party or becomes part of the

17  public domain after its disclosure to a Receiving Party as a result of publication not

18  involving a violation of this Order, including becoming part of the public record

19  through trial or otherwise; and (b) any information known to the Receiving Party

20  prior to the disclosure or obtained by the Receiving Party after the disclosure from a

21  source who obtained the information lawfully and under no obligation of

22  confidentiality to the Designating Party.  Any use of Protected Material at trial shall

23  be governed by a separate agreement or order.

24  4.    <u>DURATION</u>

25      Even after final disposition of this litigation, the confidentiality obligations

26  imposed by this Order shall remain in effect until a Designating Party agrees

27  otherwise in writing or a court order otherwise directs.  Final disposition shall be

28  deemed to be the later of (1) dismissal of all claims and defenses in this action, with

or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

        5.1      Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.1(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

        Designation in conformity with this Order requires:

        (a)      for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL,"  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

        A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," or

1  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that
2  contains Protected Material.  If only a portion or portions of the material on a page
3  qualifies for protection, the Producing Party also must clearly identify the protected
4  portion(s) (e.g., by making appropriate markings in the margins) and must specify,
5  for each portion, the level of protection being asserted.

6       (b)    <u>for testimony given in deposition or in other pretrial or trial</u>
7  <u>proceedings</u>, that unless all Parties agree on the record at the time the testimony is
8  taken, all testimony taken in this action shall be treated as "HIGHLY
9  CONFIDENTIAL – ATTORNEYS' EYES ONLY" for a period of 30 days after the
10  final transcript of the testimony become available.  Within that time period, a
11  Designating Party may serve a notice on the other party specifying which portions
12  of the testimony it is designating as "CONFIDENTIAL" or "HIGHLY
13  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If a Party does not serve a
14  notice designating portions of the transcript as "CONFIDENTIAL" or "HIGHLY
15  CONFIDENTIAL – ATTORNEYS' EYES ONLY" within the 30 day period it is
16  understood that the Party does not contend that the transcript contains any Protected
17  Material.

18       Parties shall give the other parties notice if they reasonably expect a
19  deposition, hearing, or other proceeding to include Protected Material so that the
20  other parties can ensure that only authorized individuals who have signed the
21  "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those
22  proceedings.  The use of a document as an exhibit at a deposition shall not in any
23  way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
24  ATTORNEYS' EYES ONLY."

25       Following the designation of Protected Material set forth in the first paragraph
26  of Section 5.1(b), the Designating Party[ies] shall ensure that transcripts containing
27  Protected Material be marked with an obvious legend on the title page that the
28  transcript contains Protected Material, and the title page shall be followed by a list

of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party[ies] shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 30-day period for specific designations shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.  This section also applies to production of electronic information and/or data, which may be designated by marking the physical media in which the electronic information and/or data is contained with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as appropriate.

5.2 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a

Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and

confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record;

(b)     Designated House Counsel of the Receiving Party;

(c)     Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed, and their clerical or support staff who are under a duty of confidentiality;

(d)     the court and its personnel;

(e)     court reporters and their staff;

(f)     professional jury or trial consultants (including mock jurors) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     Professional Vendors (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     during their depositions, witnesses in the action for the Designating Party or Producing Party with knowledge about the Confidential Information or Items.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(i)     the author or recipient of a document containing the information or a custodian or other person who otherwise lawfully possessed or knew the information; and

1       (j)    any other person with the prior written consent of the Designating

2   Party.

3       7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

4   <u>ONLY" and Information or Items</u>.  Unless otherwise ordered by the court or

5   permitted in writing by the Designating Party, a Receiving Party may disclose any

6   information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

7   EYES ONLY" only to:

8       (a)    the Receiving Party's Outside Counsel of Record in this action, as well

9   as employees of said Outside Counsel of Record to whom it is reasonably necessary

10  to disclose the information for this litigation;

11      (b)    Designated House Counsel of the Receiving Party;

12      (c)    Experts of the Receiving Party (1) to whom disclosure is reasonably

13  necessary for this litigation, (2) who have signed the "Acknowledgment and

14  Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in

15  paragraph 7.4(a)(2), below, have been followed, and their clerical or support staff

16  who are under a duty of confidentiality;

17      (d)    the court and its personnel;

18      (e)    court reporters and their staff (1) to whom disclosure is reasonably

19  necessary for this litigation and (2) who have signed the "Acknowledgment and

20  Agreement to Be Bound" (Exhibit A);

21      (f)    professional jury or trial consultants (including mock jurors) (1) to

22  whom disclosure is reasonably necessary for this litigation and (2) who have signed

23  the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24      (g)    Professional Vendors (1) to whom disclosure is reasonably necessary

25  for this litigation and (2) who have signed the "Acknowledgment and Agreement to

26  Be Bound" (Exhibit A);

27      (h)    during their depositions, witnesses in the action for the Designating

28  Party or the Producing Party (not the Receiving Party); Pages of transcribed

deposition testimony or exhibits to depositions that reveal Protected Material must
be separately bound by the court reporter and may not be disclosed to anyone except
as permitted under this Protective Order;

(i)     the author or recipient of a document containing the information or a
custodian or other person who otherwise possessed or knew the information; and

(j)     any other person with the prior written consent of the Designating
Party.

7.4     <u>Procedures for Approving or Objecting to Disclosure of Protected</u>
<u>Material</u>.

(a)  Unless otherwise ordered by the court or agreed to in writing by the
Designating Party, a Party that seeks to disclose to an Expert (as defined in this
Order) any information or item that has been designated "CONFIDENTIAL" or
"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to
paragraph 7.2(c) or 7.3 first must make a written request to the Designating Party
that (1) identifies the general categories of "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving
Party seeks permission to disclose to the Expert, (2) sets forth the full name of the
Expert and the city and state of his or her primary residence, (3) attaches a copy of
the Expert's current resume, (4) identifies the Expert's current employer(s),
(5) identifies each person or entity from whom the Expert has received
compensation or funding for work in his or her areas of expertise or to whom the
expert has provided professional services, including in connection with a litigation,
at any time during the preceding five years,[1] and (6) identifies (by name and number
of the case) any litigation in connection with which the Expert has offered expert

---

[1] If the Expert believes any of this information is subject to a confidentiality
obligation to a third-party, then the Expert should provide whatever information
the Expert believes can be disclosed without violating any confidentiality
agreements, and the Party seeking to disclose to the Expert shall be available to
meet and confer with the Designating Party regarding any such engagement.

testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)  A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the  Expert may file a motion as provided in Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as

"CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED  IN THIS LITIGATION</u>

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to

produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

       1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

       2.    promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

       3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>
<u>PROTECTED MATERIAL</u>

(a)   <u>No Waiver</u>.  If a Producing Party discloses Information in connection with this action that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

1.   <u>Full Protection</u>.  This Protective Order protects any disclosure of Protected Information, whether that disclosure is inadvertent or otherwise.

2.   <u>Degree of Care</u>.  Each party is entitled to decide, in its sole discretion, the appropriate degree of care to exercise in reviewing materials for privilege.  Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders that disclosure of Protected Information in discovery conducted in this action shall not waive any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

3.   <u>Notification</u>.  A Producing Party must notify the Receiving Party, in writing, that it has disclosed that Protected Information without intending a waiver by the disclosure.  Upon receipt of such notification, the Receiving Party shall immediately take all reasonable steps to destroy or return all copies, electronic or otherwise, of such document or other information, and shall provide a written certification that it will cease further review, dissemination, and use of the Protected Information.

4.   <u>Maximum Protections</u>.  This Protective Order shall be interpreted to provide the maximum protection allowed to the Producing

Party by Federal Rule of Evidence 502(d).  The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Protective Order.  However, if for any reason the Court finds that this Section is inapplicable to Protected Information, then Rule 502(b) will apply in its absence.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   Right to Assert Other Objections.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Export Control.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

12.4   Filing Protected Material.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

13.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in

paragraph 4, each Receiving Party must use reasonable efforts to return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  "Reasonable efforts" shall not require the return or destruction of Protected Material that (i) is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations.  Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with this Protective Order.

Notwithstanding this provision, Outside Counsel of Record are entitled to retain archival copies of all pleadings, motion papers, written discovery, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).  Outside Counsel of Record may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Material.

14.    <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  September 3, 2020          FARELLA BRAUN + MARTEL LLP

By:  _____/s/ Sushila Chanana_____
          Sushila Chanana

Attorneys for Defendants and Counter-Claimants
Toyota Motor Sales, U.S.A.,
Inc. and Toyota Motor Corporation

Dated:  September 3, 2020          MANNING & KASS ELLROD, RAMIREZ,
TRESTER LLP

By:  _____/s/ Roland Tong_____
          Roland Tong

Attorneys for Plaintiff and Counter-Defendant
Richard Rentrop, d/b/a TVD Vinyl Decals

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: September 11, 2020    _____
                            The Hon.  Douglas F. McCormick
                            United States Magistrate Judge

1    Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that plaintiff's

2  counsel, Roland Tong, on whose behalf this filing is jointly submitted, has

3  concurred in this filing's content and has authorized me to file this document.

4  Dated:  September 3, 2020           FARELLA BRAUN + MARTEL LLP

5

6                                      By:        /s/ Sushila Chanana
                                              _____
7                                             Sushila Chanana

8                                      Attorneys for Defendants and Counter-
                                       Claimants Toyota Motor Sales, U.S.A.,
9                                      Inc. and Toyota Motor Corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United State District Court for the Central District of California on _____ [date] in the case of *Richard Rentrop, d/b/a TVD Vinyl Decals vs. Toyota Motor Sales, USA, Inc. and Toyota Motor Corporation*, Case No. 8:19-cv-01796 JLS-DFM.  I agree to comply with and to be bound by all the term of tis Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceeding occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____